| |
|---|
| **Matter of Mojtahedi v Craddock** |
| 2024 NY Slip Op 33452(U) |
| October 1, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 157677/2024 |
| Judge: Lyle E. Frank |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| **PRESENT:** | **HON. LYLE E. FRANK** | **PART**      **11M** |
| | *Justice* | |

-------------------------------------------------------------------------------X

IN THE MATTER OF THE APPLICATION OF MICHAEL
MOJTAHEDI

                           Plaintiff,

                    - v -

CHRISTOPHER CRADDOCK,

                          Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 157677/2024 |
| **MOTION DATE** | 09/16/2024 |
| **MOTION SEQ. NO.** | 002 |

## DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 002) 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32

were read on this motion to/for                   DISMISS                 .

Upon the foregoing documents, defendant's motion to dismiss is denied.

## Background

This motion arises out of a books and records petition involving a Delaware corporation, RocketStar, Inc. ("the Company"). Plaintiff alleges that Defendant Craddock, former President and CEO of the Company, is unlawfully refusing to provide books, records, and other documents to the Company or its directors and shareholders. There was a Board meeting resulting in a Resolution passed on August 15, 2024, that removed Defendant from his position as CEO and demanded that the Company's books, records, and other documents and property in Defendant's possession be turned over. Defendant then allegedly sent an email purporting to abolish the entire Board of Directors and removed all Company employees' card key access to the Company's office building. In response, Plaintiff Mojtahedi, in his capacity as CEO of the Company, filed an emergency Article 78 Special Proceeding pursuant to CPLR § 7804(a) on August 20, 2024.

In response to the Article 78 Proceeding, Defendant filed the present motion to dismiss on September 16, 2024, pursuant to CPLR § 3211(a)(2). Defendant argues that the Court does not have subject matter jurisdiction over the matter and cites to a forum selection clause in the Company's Articles of Incorporation. Plaintiff responded, arguing that the forum selection clause as written allows for the Company to consent in writing to New York jurisdiction. Plaintiff also alleges further facts regarding a few bank records that Plaintiff has been so far able to obtain and their implications regarding Defendant's use of the Company's funds. The parties do not dispute that Delaware law applies to the underlying books and records request.

## Standard of Review

A party may move for a judgment from the court dismissing causes of action asserted against them on the grounds that the court does not have jurisdiction over the subject matter of the cause of action. CPLR § 3211(a)(2). Generally, under the grant of authority from Article VI, § 7 of the NY Constitution, the Supreme Court "is competent to entertain all causes of action unless its jurisdiction has been specifically proscribed." *Sohn v. Calderon*, 78 N.Y.2d 755, 766 (1991).

## Discussion

Ultimately, the question of whether this Court has jurisdiction over the underlying petition turns on the enforceability and interpretation of the forum selection clause in the Certificate of Incorporation. For the reasons given below, the forum selection clause as a matter of plain reading does not bar the underlying petition on jurisdictional grounds.

Defendant first argues that only the Delaware Court of Chancery can hear a request for the books and records of a Delaware corporation, citing to 8 Del. C. § 220. Related to this argument, Defendant argues that under the Internal Affairs Doctrine, Delaware has exclusive

**157677/2024   IN THE MATTER OF THE APPLICATION OF MICHAEL MOJTAHEDI vs.**          **Page 2 of 8**
**CHRISTOPHER CRADDOCK**
**Motion No.  002**

2 of 8

jurisdiction to regulate its internal affairs including requests for books and records. Older cases in New York and elsewhere often applied the Internal Affairs Doctrine and would dismiss a books and records case on jurisdictional grounds. *See, e.g., Nothiger v. Corroon & Reynolds Corp.*, 266 A.D. 299, 300 (1st Dept. 1943). But Defendant's argument that a New York court cannot hear a books and records request of any Delaware corporation under the Internal Affairs Doctrine ("IAD") fails for two reasons.

First, Plaintiff argues that the underlying controversy is not limited to the internal affairs of the Company, on the grounds that there is an alleged theft of outside investor's money motivating the request for books and records. The interest of these outsiders does tend towards defeating the solely internal nature of the underlying controversy. But more importantly, Defendant's IAD argument fails because it does not consider developments in New York and elsewhere regarding the application of the IAD and relevant choice of law principles.

In *Broida v. Bancroft*, the Second Department considered the IAD in light of subsequent holdings from the United States Supreme Court as well as New York courts and held that "a suit which concerns the internal affairs of a foreign corporation should be entertained unless the same factors that would lead to dismissal under *forum non conveniens* principles suggest that New York is an inconvenient forum and that litigation in another forum would better accord with the legitimate interests of the litigants and the public." *Broida v. Bancroft*, 103 A.D.2d 88, 91 (2nd Dept. 1984). The First Department, although declining to extend the powers of a New York court over a foreign corporation to the extent of judicial dissolution of said entity, has agreed with the Second Department as to the basic premise of *Broida. Matter of Raharney Capital, LLC v. Capital Stack LLC*, 138 A.D.3d 83, 87 (1st Dept. 2016). In fact, the First Department has stated plainly that regardless of if a corporation is incorporated in Delaware, "that does not divest New

**157677/2024   IN THE MATTER OF THE APPLICATION OF MICHAEL MOJTAHEDI vs.**        **Page 3 of 8**
**CHRISTOPHER CRADDOCK**
**Motion No.  002**

3 of 8

York of its interest in adjudicating this matter" and that Delaware Code provisions purporting to grant exclusive jurisdiction over Delaware corporate matters to the Court of Chancery "does not divest the New York courts of jurisdiction over such controversies." *Sachs v. Adeli*, 26 A.D.3d 52, 55 (1st Dept. 2005). Furthermore, when, as is the case here, the only nexus with Delaware is the fact that a company is incorporated there, "[t]here is no reason to believe that Delaware would be a more convenient forum than New York." *Broida*, at 93.

The fact that the parties agree that Delaware law applies to the books and records request likewise does not defeat this Court's jurisdiction over the issue, as the Court of Appeals recently stated that once another jurisdiction's laws govern a matter, New York courts have "significant flexibility and discretion in deciding whether to take notice of that foreign law and apply it to the case at hand." *Eccles v. Shamrock Cap. Advisors, LLC*, 2024 N.Y. Lexis 690, 1 (2024). This Court is capable of applying Delaware law to the question of requests to books and records of the Company. Therefore, the fact that the Company is a Delaware corporation does not in and of itself mean that this Court lacks subject matter jurisdiction over the books and records petition. In accordance with the New York Constitution and binding case law as stated above, this Court will lack subject matter jurisdiction over the underlying books and records petition if it has been specifically proscribed.

Defendant then argues that jurisdiction is so specifically proscribed by a relevant forum selection clause. But here a plain reading of the Certificate of Incorporation accords with Plaintiff's argument, not Defendant's. Article 12 of the Certification of Incorporation reads "[u]nless the Corporation consents in writing to the selection of an alternative forum, the Court of Chancery in the State of Delaware shall be the sole and exclusive forum for any stockholder (including a beneficial owner)" to bring various actions on behalf of the Company and against

**157677/2024   IN THE MATTER OF THE APPLICATION OF MICHAEL MOJTAHEDI vs.**                    **Page 4 of 8**
**CHRISTOPHER CRADDOCK**
**Motion No. 002**

[* 4]

4 of 8

directors and other employees of the Company. Defendant argues in his papers that this Article requires the Company to amend the articles of incorporation in order to bring an action in New York, and Plaintiff argues that a majority of the Board of Directors, or alternatively the current CEO, may consent in writing to bring suit on behalf of the Company in New York.

Defendant's argument flies in the face of the plain language of the Certificate of Incorporation. Defendant cites to 8 Del. C. § 242, titled "Amendment of certificate of incorporation after receipt of payment for stock; nonstock corporations" as authority for his contention that the Board of Directors must adopt a resolution, call for a special meeting and conduct a vote in order to "approve the amendment to the Certificate of Incorporation." This contention would be correct, if the Plaintiff was attempting to amend the Certificate of Incorporation to include a different forum selection clause. Instead, the Plaintiff is attempting to bring the underlying suit in a New York court pursuant to the forum selection clause *as it is currently written*. Statues and case law that are relevant to the procedure surrounding amending a certificate of incorporation are simply irrelevant to an attempt to enforce a forum selection clause according to the terms stated on its face. The issue therefore is whether the Company has validly consented in writing, according to Article 12 of the Company's Certificate of Incorporation, to bringing the underlying petition in New York.

Plaintiff argues that the original petition itself is a written consent to New York jurisdiction and they also present sworn affidavits from two current directors (Mitchel W. Simpler and Steven Sorensen) attesting to their consent to the filing of the underlying petition. Defendant argues that the Board of Directors "never issued a written resolution" and that the sworn affidavits from the directors do not satisfy the consent in writing requirement because "neither individual is a party to this action" and because "the petition has no language alleging

**157677/2024   IN THE MATTER OF THE APPLICATION OF MICHAEL MOJTAHEDI vs.**                    **Page 5 of 8**
**CHRISTOPHER CRADDOCK**
**Motion No.  002**

5 of 8

that the Board of Directors gave consent for New York" to have jurisdiction. Defendant is incorrect in his assertion that the petition has no language alleging Board support for the New York forum. On the second page of the petition, Paragraph 1, the petition states that "this proceeding is not surprisingly brought with the support of the Board of Directors of the Company and the Company itself." Therefore, the issue is who can act for the Company in this scenario and what is required for a valid writing.

In the original petition, as well as by later e-mails and sworn affidavits, both members of the board directors and the CEO of the Company have purported to consent in writing to New York jurisdiction pursuant to the Certificate of Incorporation. It is axiomatic that a corporation "acts" through its directors and officers. Under Delaware Corporate law, the board of directors can act only through a quorum at a meeting or by unanimous written consent. *In re P3 Health Grp. Holdings, LLC*, 2022 Del. Ch. LEXIS 311, *87 (Del. Ch. Oct. 31, 2022). The unanimity requirement is present even when one of the directors has a "disabling self-interest." *Id.*

But the Board is not the only entity that can act in this matter. The Company's Amended and Restated Bylaws state in § 4.3 that the CEO "shall execute bonds, mortgages, and other contracts on behalf of the Corporation." The CEO of the Company is authorized to contract on behalf of the Company, and therefore logically would be able to consent to jurisdiction on behalf of the Company pursuant to the Certificate of Incorporation. Delaware courts have considered forum selection clauses to be an extension of the corporation's ability to "contract" regarding jurisdiction. *Seokah, Inc. v. Lard-PT, LLC*, 2021 Del. Ch. LEXIS 62, *26 (Del. Ch. March 30, 2021); *see also Nat'l Indus. Group (Holding) v. Carlyle Inv. Mgmt.*, 67 A.3d 373, 383 (Del. 2013). Although there does not appear to be clear guidance in Delaware law as to precisely how a corporation can consent to a forum pursuant to a forum selection clause's valid waiver

**157677/2024   IN THE MATTER OF THE APPLICATION OF MICHAEL MOJTAHEDI vs.**                     **Page 6 of 8**
**CHRISTOPHER CRADDOCK**
**Motion No. 002**

6 of 8

provision, written consent from the CEO under these circumstances is likely sufficient. By bringing the underlying petition in a New York court and stating directly in Paragraph 16 that "[t]his Court has subject matter jurisdiction over this dispute", the CEO on behalf of the Company has clearly given written consent to another forum pursuant to the Certificate of Incorporation.

In sum, the fact that the Company is a Delaware corporation and that the parties agree that Delaware law applies to the controversy does not remove subject matter jurisdiction from this Court, nor does it mean that this Court does not have the capability and discretion to apply Delaware law. Therefore, this Court would only lack subject matter jurisdiction over the underlying controversy if it was specifically proscribed. The Delaware forum selection clause in the Company's Certification of Incorporation does not remove subject matter jurisdiction from New York courts, because on its face the clause permits the Company to consent in writing to another forum. The CEO, under his ability to act on behalf of the Company in contractual matters, has the authority to consent in writing to another forum as forum provision clauses are considered part of a corporation's contracting power. Because the current CEO of the Company consented to New York jurisdiction in writing, this Court has jurisdiction over the original petition.

As a final matter, Plaintiff brings the underlying action as an Article 78 proceeding. Article 78 proceedings are available for review of a corporation's discretional actions because "the authority of corporations and their directors to act is derived directly from franchises issued by the State." *Levandusky v. One Fifth Ave. Apartment Corp.*, 75 N.Y.2d 530, 543 (1990). While CPLR § 3211(f) extends the time to serve a pleading, this provision "is inapplicable in a summary proceeding" and instead CPLR § 404(a) applies to Article 78 proceedings. *Chickery v.*

**157677/2024   IN THE MATTER OF THE APPLICATION OF MICHAEL MOJTAHEDI vs.**                    **Page 7 of 8**
**CHRISTOPHER CRADDOCK**
**Motion No.  002**

7 of 8

*Prestige Catering*, 2021 N.Y. Misc. LEXIS 1965, *3 (2nd Dept. 2021). Under CPLR § 404(a), "the court may permit the respondent to answer, upon such terms as may be just." Here, the Defendant will have five days to respond from the service of the order with notice of entry.

For the reasons given above, the defendant's motion to dismiss for lack of subject matter jurisdiction is denied. The Court has considered the defendant's other arguments and found them unavailing. Accordingly, it is hereby

ADJUDGED that defendant's motion to dismiss is denied; and it is further

ORDERED that defendant has five days from service of this Decision and Order with notice of entry to answer.

20241001164604LFRANK0F33874B5B4140568E8626E1EC4BC537

| 10/1/2024 | | | | LYLE E. FRANK, J.S.C. |
| --- | --- | --- | --- | --- |
| DATE | | | | |

| CHECK ONE: | | ☐ | CASE DISPOSED | X | NON-FINAL DISPOSITION |
| --- | --- | --- | --- | --- | --- |
| | ☐ | GRANTED | X | DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | ☐ | SETTLE ORDER | ☐ | SUBMIT ORDER |
| CHECK IF APPROPRIATE: | | ☐ | INCLUDES TRANSFER/REASSIGN | ☐ | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

157677/2024   IN THE MATTER OF THE APPLICATION OF MICHAEL MOJTAHEDI vs. CHRISTOPHER CRADDOCK
Motion No.  002

Page 8 of 8

8 of 8